| iPETERS, Judge,
concurring in part and dissenting in part.
While I concur in general with the majority’s analysis, I do not concur in the disposition. The State of Louisiana, through the Department of Health and Hospitals, and Wiley Sylvester filed exceptions of improper venue, prematurity, and no cause of action to Walter Leonpacher’s suit in the Twenty-Seventh Judicial District Court. These defendants filed the same exceptions to the in-tervenors’ petition and added an additional exception of improper joinder of parties to that claim. Both sets of exceptions were denied by the trial court. In its conclusion, the majority simply reverses the trial court and grants the defendants relief on the claims based on their administrative and ministerial duties. The majority further orders those administrative and ministerial duty claims severed and transferred to the Nineteenth [ 2Judicial District Court.
The decision of the majority effectively grants the exception of improper venue. I also conclude that the trial court erred in not granting the exception of improper venue as to the administrative and procedural claims. However, I disagree with the majority in the transfer of these claims to the Nineteenth Judicial District Court. First, that part of Walter Leonpacher’s request for relief is already the subject of judicial review in the Nineteenth Judicial District Court. Additionally, the intervenors have not yet sought relief under the Administrative Procedure Act and must begin in that forum. A court may either transfer an action brought in a court of improper venue to one of proper venue or dismiss the action. La.Code Civ.P. art. 121. Because the appropriate initial forum lies in East Baton Rouge Parish under the Administrative Procedure Act and not with the Nineteenth Judicial District Court, which acts as an appellate court, I conclude these actions should not be transferred to the Nineteenth Judicial District and should be dismissed pursuant to La.Code Civ.P. art. 121. Leonpacher’s claim is already in the Nineteenth Judicial District Court, and the intervenors would be free to file their claims in the appropriate forum within the Parish of East Baton Rouge.
In its opinion, the majority remands the remainder of the nonadministrative claims to the Twenty-Seventh Judicial District Court for further proceedings. In doing so, the majority ignores consideration of the exceptions of prematurity. Assuming the claims for damages are filed in the parish of proper venue, they are clearly premature in that neither Walter Leonpacher nor the interve-nors have exhausted the administrative remedies available to them under the Louisiana Sanitary Code and the Administrative Procedure Act. Therefore, I would grant the exception of prematurity and dismiss the remaining claims.
|3Having found that the administrative and ministerial claims were filed in a parish of improper venue and that the other claims are premature, I would reverse the trial court and dismiss the actions against the State of Louisiana, through the Department of Health and Hospitals, and Wiley Sylvester. In reaching that conclusion, it would be unnecessary to address the remaining exceptions.